UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN DUNN,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES SIMMONS, et al.,<br><br>    Defendants. | Case No. 3:16-cv-00016<br><br>Judge Trauger<br>Magistrate Judge Newbern |

## MEMORANDUM AND ORDER

Pending before the court is a motion for summary judgment filed by defendants Jeffrey Baker, Sherri Duckett-Gregory, Tammy Jones, Yolanda McQuiddy-Estes, Michael Robertson, Charles Simmons, Bruce Westbrook, and Jason Woodall (Doc. No. 78), to which Plaintiff Jonathan Dunn responded in opposition (Doc. No. 99) nearly five months after his response was due (Doc. No. 47). For the reasons stated herein, the motion for summary judgment is GRANTED IN PART and DENIED IN PART.

## I.    Statement of Facts

### A.    Factual History

Dunn, who is currently incarcerated in the Morgan County Correctional Facility, was a prisoner in the Lois M. DeBerry Correctional Facility (DeBerry) until August 2016. (Doc. No. 1, PageID# 2; Doc. No. 63.) In this action, Dunn brings claims under 42 U.S.C. § 1983 challenging as violations of his First, Fifth, and Fourteenth Amendment rights limitations on his access to legal materials, certain publications, and stamps, as well as the adequacy of DeBerry's grievance procedures. Dunn claims that, during his incarceration at DeBerry, he and other inmates housed

1

in the sheltered living or segregated units were denied access to "any type of legal law books" or computer-assisted legal research. (Doc. No. 1, PageID# 10.) DeBerry policy required prisoners "to provide cite/case laws, or ref[e]rence court rules" to receive resources. (*Id.*) Dunn states that if he did "not know what [legal materials he] . . . should be looking for," he was given "a slip" informing him that there were "no documents that satisfy [his] search," that his request was too "vague," or that he must "either give case citations, law or rule citations or specific statement of which [he] is looking for." (*Id.*) These policies hampered Dunn's ability to litigate pending cases. (*Id.* at PageID# 11.)

Dunn also challenges limitations placed on inmates' receipt of stamps and certain publications. On December 3, 2014, a Tennessee Department of Corrections (TDOC) policy banned stamps "coming in thr[ough] the mail from any form of outside source." (*Id.* at PageID# 8.) As a result, inmates could not receive stamps as gifts, which forced Dunn to "choose between [purchasing] hygienic products or postage." (*Id.* at PageID# 8–9.) On March 10, 2015, Defendant Simmons banned DeBerry inmates from receiving the Victoria's Secret catalog and a number of other publications with sexually explicit titles. (*Id.* at PageID# 6.) On August 27, 2015, McQuiddy-Estes, Robertson, and Baker intercepted Dunn's Victoria's Secret catalog and rejected it on the basis that it contained "sexually explicit material or material which features nudity." (*Id.* at PageID# 7.) Defendants Nixon and Simmons upheld this decision. (*Id.*) Dunn states that he is an "author of urban books . . . which contain sexual detail[ed] stories," and argues that this ban hindered his "purpose of pursuance of a[n] adult author" because he could not use the catalog as source material for his writing. (*Id.* at PageID# 8.)

Dunn states that, when he filed grievances about these issues, Defendants Simmons, Nixon, Westbrook, Duckett-Gregory, and Woodall did not review his grievances adequately

"based on facts," and Simmons, Nixon, and Woodall upheld Duckett-Gregory's inadequate decisions "without a personal review of the case." (*Id.* at PageID# 11–12.)

**B.      Procedural History**

Dunn, proceeding pro se and in forma pauperis, filed this action on January 8, 2016, against Defendants Sherri Duckett-Gregory, Warden Charles Simmons, Tammy Jones, Warden Bruce Westbrook, Yolanda McQuiddy-Estes, Michael Robertson, Jeffrey Baker, Steven Nixon and Deputy Commissioner Jason Woodall.[1] (Doc. No. 1.) All defendants but Tennessee Department of Corrections Deputy Commissioner Jason Woodall were corrections officers at the Lois M. DeBerry Special Needs Facility at times relevant to this case. (Doc. No. 1, PageID# 1–4.)

The court issued summonses to all defendants on June 2, 2016 (Doc. No. 25), all of which were returned as executed (Doc. Nos. 28, 34, 40–46). All defendants except Nixon filed an answer on July 11, 2016.[2] (Doc. No. 35.) On August 22, 2016, the court issued a scheduling order, setting January 19, 2017, as the deadline to file dispositive motions and February 20, 2017, as the response deadline. (Doc. No. 47, PageID# 249.) The scheduling order cautioned Dunn as follows:

---

[1]      Dunn first named as defendants "S. Duckett-Gibson," Charles Simmons, Unknown Jones, Bruce Westbrooks, Unknown Estes, Unknown Robertson, Unknown Baker, Unknown Nixon, Jason Woodall, John Doe, and Jane Doe. (Doc. No. 1.) Misnamed and "unknown" Defendants' names were corrected on the docket after Dunn's "Notice to the Court Name of Unknown Defendants" and Defendants' Answer were filed. (Doc. Nos. 17, 35). No subsequent document filed by any party refers to the "Does" named in the original pleading. (Doc. No. 1.)

[2]      Defendant Nixon did not join in the answer, the response in opposition to plaintiff's motion to amend complaint, or the motion for summary judgment, and he has never filed an answer or any other responsive pleading in this action. (Doc. Nos. 35, 66, 78.) Counsel for the other defendants has filed a notice with the court stating that Nixon was not properly served. (Doc. No. 103.) Counsel states that Nixon's summons was signed for by a DeBerry mailroom employee and that Nixon was no longer employed at the facility at the time of service. (*Id.*)

Plaintiff is forewarned that dispositive motions must be responded to by **February 20, 2017**, unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested.

(*Id.*)

On January 19, 2017, Defendants Jeffrey Baker, Sherri Duckett-Gregory, Tammy Jones, Yolanda McQuiddy-Estes, Michael Robertson, Charles Simmons, Warden Bruce Westbrook and Jason Woodall filed a motion for summary judgment (Doc. No. 78) accompanied by a supporting memorandum of law (Doc. No. 79), Dunn's deposition (Doc. No. 79-1), and a statement of undisputed material facts (Doc. No. 80). The defendants argue that summary judgment is proper because Dunn failed to exhaust administrative remedies before bringing his claims and, in the alternative, that Dunn's claims against Duckett-Gregory should be dismissed because they relate only to her handling of administrative grievances and do not give rise to a constitutional violation. (Doc. No. 79-1, PageID# 498, 502–03.)

Dunn mailed his response in opposition to the summary judgment motion (Doc. No. 99), statement of disputed factual issues (Doc. No. 100), and declaration (Doc. No. 101) on July 13, 2017, nearly five months after they were due under the court's scheduling order. (Doc. No. 101, PageID# 720.) In his response in opposition, Dunn makes a brief and conclusory argument that "[t]here is clearly a genuine issue of fact as is a reasonable jury could find for the plaintiff base[d] on the facts in the plaintiff's complaint and declaration and summary [judgment] must therefore be denied." (Doc. No. 99, PageID# 706.) Dunn's statement of disputed factual issues identifies the contested allegations of his complaint but does not make any specific citations to facts in the record, as is required by Local Rule 56.01(c). (Doc. No. 100.) Dunn's declaration also does not include specific facts regarding the incidents at issue, but instead argues that there

are genuine issues of material fact to be resolved arising out of the defendants' arguments. (Doc. No. 101.)

## II.     Legal Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail, the moving party must prove the absence of a genuine issue of material fact as to any essential element of the opposing party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Stiles ex rel. D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 847 (6th Cir. 2016). In determining whether the moving party has met its burden, a court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stiles*, 819 F.3d at 848. A court must not weigh the evidence and determine the truth of the matters asserted but instead must "determine whether there is a genuine issue for trial." *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which she has the burden, however, the moving party is entitled to judgment as a matter of law. *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (citation omitted). To preclude summary judgment, the nonmoving party must go beyond the pleadings and present specific facts demonstrating the existence of a genuine issue for trial. *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014) (citations

omitted). "A mere scintilla of evidence by the nonmoving party is insufficient to defeat summary judgment; 'there must be evidence on which the jury could reasonably find for the [nonmoving party].'" *St. Clair Marine Salvage, Inc. v. Bulgarelli*, 796 F.3d 569, 574 n.2 (6th Cir. 2015) (alteration in original) (quoting *Anderson,* 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment may be granted. *Anderson,* 477 U.S. at 249–52.

This Court's Local Rules 7.01(b) and 56.01(c) and (g) govern responses to motions generally and statements of material facts filed with motions for summary judgment, respectively. Local Rule 7.01(b) states, in pertinent part, that "[f]ailure to file a timely response [to a motion] shall indicate that there is no opposition to the motion." Regarding responses to statements of material facts in the summary judgment context, Local Rule 56.01(g) provides that "[f]ailure to respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for the purposes of summary judgment." However, "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Evans v. Plummer*, No. 16-3826, 2017 WL 1400495, at *9 (6th Cir. Apr. 19, 2017) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). The court must instead examine the motion to determine whether the movant has discharged its burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.*

## III. Analysis

Dunn did not make a timely response to the defendants' motion for summary judgment or their statement of material facts, and the statement of disputed facts Dunn ultimately submitted does not include specific citations of contrary facts in the record. Accordingly, the defendants'

statement of undisputed facts is considered established for purposes of summary judgment under Local Rule 56.01(g). The court will consider the defendants' motion to determine whether they are entitled to judgment as a matter of law on that uncontested record.

### A. Failure to Exhaust Administrative Remedies

The defendants' primary argument for summary judgment is that Dunn did not properly exhaust his claims because he did not name individual defendants in the grievances he filed concerning these claims. (Doc. No. 79, PageID# 498–501.) Therefore, they argue, "[t]hese defendants were not on notice that their alleged involvement with the issues raised in this case would potentially subject them to litigation in federal court, and they were not given the opportunity to resolve any potential complaints by the plaintiff, prior to being served with this lawsuit." (*Id.* at PageID# 501.)

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust all his available administrative remedies before filing any lawsuit "about prison life." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). "[F]ailure to exhaust is an affirmative defense under the PLRA," *id.* at 216, and, as such, defendants have "the burden to plead and prove [it] by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the

PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

The defendants argue that they are entitled to summary judgment in this case because Dunn admits that he did not name them all individually in his grievances, but instead "filed grievances on the issues themselves." (Doc. No. 79, PageID# 499.) The defendants also allege as an undisputed material fact that Dunn "did not file a grievance against" Baker, Robertson, McQuiddy-Estes, Westbrook, Woodall, Simmons, Duckett-Gregory, or Jones. (Doc. No. 80.) That allegation is not disputed for purposes of summary judgment because Dunn did not file a timely response to it. But the undisputed fact that Dunn did not name individual defendants in his grievances, without more, does not entitle the defendants to judgment as a matter of law.

The PLRA itself does not impose "a 'name all defendants' requirement" on prisoners to properly exhaust their administrative remedies. *Jones*, 549 U.S. at 217. In fact, the Supreme Court in *Jones* specifically rejected the Sixth Circuit's requirement that prisoners "identif[y] in their initial grievances each defendant they later sue[]." *Id.* After *Jones*, therefore, "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. Here, the defendants do not identify any TDOC or DeBerry policy that establishes the naming of individual defendants as a "critical procedural rule[]" of the prison grievance process. *Woodford*, 548 U.S. at 90.

More importantly, even if such a rule or policy does exist, the defendants do not argue that they denied Dunn's grievances because he failed to follow it. As the Sixth Circuit has recognized, "the equation changes when the State does not enforce its own rules. When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-

8

defaulted claims on the merits, so as a general rule will [the court]." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (declining to enforce a requirement that inmates identify the "names of all those involved" in grievance where the Michigan Department of Corrections did not enforce that rule and considered plaintiff's grievance on the merits). None of the purposes of the PLRA's exhaustion requirement on which the defendants base their argument are served by "enforcing a procedural bar that the Department of Corrections did not." *Id.* at 326. The defendants do not state that they rejected Dunn's grievances because he failed to name individual actors, and the grievance responses that Dunn has attached to his complaint show that the prison denied his grievances on other grounds. (Doc. No. 1, PageID# 36, 37, 44, 47, 48.) The court cannot enforce a rule that defendants neither identify here nor applied to dismiss Dunn's grievances.

Finally, the defendants argue that, although Dunn stated in his deposition that he had filed grievances against Duckett-Gregory and Jones, "the grievances filed in support of the complaint in this matter do not bear the names of either Sherri Duckett-Gregory or Tammy Jones, nor do they related [sic] to the claims against these defendants." (Doc. No. 79, PageID# 502.) They also state that "the grievances provided with the plaintiff's complaint deal only with the issue of postage stamps," in which Duckett-Gregory and Jones are not implicated. (*Id.*) Again, the fact that Dunn did not name Duckett-Gregory or Jones in a grievance does not defeat administrative exhaustion. Further, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 921. The defendants, not Dunn, bear the burden of proof on exhaustion. *Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009). The record in this case does not

establish that Dunn failed to properly exhaust his claims. Defendants are not entitled to judgment as a matter of law on that basis.

## B.    Dunn's Claims Against Sherri Duckett-Gregory

The defendants also argue that, because Dunn's claims against Duckett-Gregory are based solely on her response to Dunn's grievances, those claims cannot succeed as a matter of law. (Doc. No. 79, PageID# 502.) Dunn alleges that Duckett-Gregory violated his First and Fourteenth Amendment rights by "not properly" and "in most cases maliciously" reviewing his grievances. (Doc. No. 1, PageID# 11.) Dunn states that, because Duckett-Gregory is the "Sgt. Grievance Chairperson," her "choice is final" and other defendants "all sign off on her review without a personal review of the case itself." (*Id.* at PageID# 12.)

A prison's grievance procedures do not create a constitutionally protected liberty interest under the Due Process Clause; thus, inadequate or unresponsive grievance procedures cannot be the basis of a claim under § 1983. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("[There is] no constitutionally protected due process interest in unfettered access to a prison grievance procedure."); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."); *Smith v. Lindamood*, No. 1:16-cv-00086, 2017 WL 444830, at *3 (M.D. Tenn. Feb. 2, 2017) (same). Because Dunn's allegations regarding Duckett-Gregory only concern her role in an allegedly inadequate grievance process, they fail to state a claim under § 1983. Duckett-Gregory is entitled to judgment as a matter of law on Dunn's claims against her. *See LaFlame*, 3 F. App'x at 348.

## IV.    Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (Doc. No. 78) is GRANTED IN PART and DENIED IN PART.

It is so ORDERED

Entered this 5th day of September, 2017.

ALETA A. TRAUGER
United States District Judge